# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

ERIC D. SMITH,                              )
                                            )
             Plaintiff,                )
                                            )
    v.                              )        CAUSE NO. 3:07-CV-338-TS
                                            )
WILLIAM K. WILSON, *et al.*,                )
                                            )
           Defendants.               )

## OPINION AND ORDER

The Plaintiff, a state prisoner confined at the Westville Correctional Control Unit ("WCU"), submitted a complaint (DE 1) under 42 U.S.C. § 1983, dealing with conditions at the unit. He also submitted a petition and affidavit (DE 2) for leave to proceed without prepayment of the full $350 filing fee pursuant to 28 U.S.C. § 1915.

A prisoner may not bring a civil action *in forma pauperis* if he has

on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This is commonly known as the "three strikes" provision.

The Plaintiff states in his complaint that he is three struck, and the records of the United States District Court for the Northern District of Indiana confirm that the disposition of two cases and one appeal filed by the Plaintiff qualify as "strikes" within the meaning of §1915(g):

    (1) *Smith v. O'Bannon*, 3:03-CV-657, dismissed for failure to state a claim on December 3, 2003;

    (2) *Smith v. O'Bannon*, Appeal # 04-1017, denied leave to proceed *in forma pauperis* on appeal by the District Court on January 29, 2004, because the appeal was not taken in good faith, denied leave to proceed *in forma pauperis* by the Circuit Court on April 30, 2004, mandate issued June 3, 2004; and

(3) *Smith v. State of Indiana*, 3:04-CV-011, dismissed for failure to state a claim on June 10, 2004.

An inmate with three or more "strikes" "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). If a "complaint passes the 'imminent danger' pleading requirement, it must still pass the district court's 'screening' process under § 1915A(b)(1) before a defendant is required to get into the fray. That section requires the dismissal of a complaint that is frivolous or malicious, or one that fails to state a claim upon which relief may be granted." *Ciarpaglini v. Saini*, 352 F.3d 328, 330–31 (7th Cir. 2003). Because the Plaintiff has accumulated three strikes, but asserts that he is in imminent danger of serious physical injury at the WCU, this Court will review his claims pursuant to § 1915(g) and § 1915A.

The Plaintiff complains of many conditions of confinement at the WCU, which is a small "supermax" unit designed to hold prisoners who have misbehaved at Indiana Department of Correction facilities with a lower security classification. He asserts that he is in imminent danger of serious physical injury, though he concedes that most of the conditions he complains of do not amount to infliction of serious physical injury:

> I am in imminent danger of serious physical injury. This is what the 3 strikes has done to me: placed me in constant danger and torture by the defendants. They torture me in ways that don't amount to imminent danger of serious physical injury, but that are still cruel and unusual punishment. Then they cause physical injuries.

(Compl. 12.)

The Plaintiff names three defendants, Westville Correctional Facility ("WCF") Superintendent William Wilson, WCU Correctional Captain James Shreaves, and WCU Correctional Officer Gibson (who he further identifies as a white, bald headed male with tatoos). In paragraph

two of his complaint, the Plaintiff alleges that Shreaves and Gibson "violated my Eighth Amendment right by using excessive force against me by using chemical mace and shooting me with plastic pepper-ball bullets. . . . [T]hey used excessive force because they know that I could not file anymore lawsuits because of my three strikes." (Compl. 2).[1] In the body of his complaint, the Plaintiff also alleges that the Defendants "are denying me my medication and adequate health care treatment." (Compl. 11.)

The Plaintiff alleges that Shreaves and Gibson used excessive and unnecessary force against him in the past and suggests that they may do so again in the future. "In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the 'threat or prison conditions [must be] real and proximate.'" *Ciarpaglini*, 352 F.3d at 330 (quoting *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). "Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." *Id.* When inmates "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id.* (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3rd Cir. 2001) (being sprayed with pepper spray once does not constitute imminent danger)). The Plaintiff's allegation that Shreaves and Gibson used a chemical agent and plastic pepper-ball bullets against him on one occasion in the past does not constitute imminent danger within the meaning of § 1915(g).

The Plaintiff also alleges that the Defendants are denying him medication and adequate health care treatment. "Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th

---

[1]The Plaintiff states in his complaint that he filed a complaint in state court dealing with this incident and that it is "currently pending in the Indiana Supreme Court . . . ." (Compl. 7.)

Cir. 1998) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  Denial of needed medical care may constitute an imminent danger of serious physical injury. *Ciarpaglini*, 352 F.3d at 330. Giving the Plaintiff the benefit of the inferences to which he is entitled at the pleadings stage, the Court cannot say that the alleged denial of prescribed medication and necessary medical treatment does not place the Plaintiff in imminent danger of serious physical injury, nor can the Court say that the Plaintiff fails to state a claim upon which relief can be granted under the standards of *Estelle v. Gamble*, 429 U.S. 97 (1976).

The Plaintiff also seeks to proceed against the Defendants on a variety of claims related to conditions of confinement at the WCU. He asks the Court for injunctive and declaratory relief that "incarceration at the WCU is an atypical and significant hardship." (Compl. 16). None of the conditions of confinement claims — such as the process by which the Plaintiff was selected for transfer to the WCU, retaliation, treating him differently than similarly situated  inmates, "mental torture," segregation from other inmates, restrictions on commissary, denial of scribe materials, and denial of access to personal property — suggest an imminent danger of serious physical injury. Accordingly, the Court will deny the Plaintiff leave to proceed on these claims and will dismiss them from this complaint.

For the foregoing reasons, the Court:

(1) Pursuant to 28 U.S.C. § 1915(g) finds that the Plaintiff has sufficiently pled that he may be in imminent danger of serious physical harm on his claim that he is being denied medication prescribed for medical problems and that this claim states a claim upon which relief can be granted. Accordingly, the Court GRANTS the Plaintiff leave to proceed against the Defendants in their personal capacities for damages and in their official capacities for injunctive and declaratory relief

4

on that claim pursuant to 28 U.S.C. § 1915A, and will grant the Plaintiff leave to proceed *in forma pauperis* on that claim in a separate order pursuant to 28 U.S.C. § 1915(b);

(2) Pursuant to 28 U.S.C. § 1951(g) finds that none of the other claims presented by the Plaintiff establish an imminent danger of serious physical injury, and DISMISSES all other claims without prejudice;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that the Defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshal's service to effect service of process on the Defendants on the Plaintiff's behalf, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

SO ORDERED on October 1, 2007.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION