UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ERIC D. SMITH, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:07-CV-338-TS |
| | ) | |
| WILLIAM K. WILSON, *et al.*, | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

The Plaintiff, Eric D. Smith, a state prisoner confined at the Westville Correctional Control Unit (WCU), submitted a complaint under 42 U.S.C. § 1983 dealing with conditions at the unit. In his complaint, the Plaintiff complained of many conditions of confinement at the WCU, which is a small "supermax" unit designed to hold prisoners who have misbehaved at Indiana Department of Correction (IDOC) facilities with a lower security classification. The Court screened his complaint pursuant to 28 U.S.C. § 1915(g) and 28 U.S.C. § 1915A, allowed him to proceed on one claim that he is being denied medication prescribed for medical problems, and dismissed all other claims without prejudice because none of them involved an imminent danger of serious physical injury.

The Defendants were served with process on October 17, 2007, but have not yet entered an appearance. On October 17, 2007, the Plaintiff moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. The memorandum of law and other submissions that the Plaintiff filed supporting his summary judgment motion establish that he is seeking summary judgment not only on the issue the Court allowed him to proceed on, but also on many if not all of the issues that were dismissed in the screening order, and possibly on issues not addressed in the complaint.

The Plaintiff signed a certificate of service verifying that he served his motion for summary judgment on the Indiana Attorney General. Under Rule 5(a) and (b)(1) of the Federal Rules of Civil

Procedure, the Plaintiff is required to serve upon the Defendants or, if an appearance is entered by counsel, upon counsel, a copy of every pleading, motion, or other paper he files with the Court. In addition, the Plaintiff is obligated to demonstrate that he has complied with the service requirements in Rule 5(b) of the Federal Rules of Civil Procedure by filing a certificate of service with his papers. Fed. R. Civ. P. 5(d). While it is likely that the attorney general's office will eventually enter an appearance for these Defendants, at the present time, Rule 5(a) requires the Plaintiff to serve the Defendants themselves, rather than the attorney general's office.

The Plaintiff may move for summary judgment at any time after the expiration of 20 days from the commencement of the action, Fed. R. Civ. P. 56(a), but he obviously may not seek summary judgment on claims that have already been dismissed. The Defendants and the Court should not have to pick through over 200 pages of documents trying to figure out which part of his numerous submissions address the sole issue that remains before the Court.  "Judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

For the foregoing reasons, the Court DENIES the Plaintiff's motion for summary judgment (DE 12), without prejudice to his ability to refile a summary judgment motion directed solely at the one issue that remains before the court.

SO ORDERED on November 5, 2007.

        s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT