UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ERIC D. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 3:07-CV-0338 RM |
| | ) | |
| WILLIAM K. WILSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This case is before the court on Eric Smith's motion for appointment of counsel. There is no constitutional or statutory right to counsel in a civil case. *Farmer v. Haas*, 900 F.3d 319, 323 (7ᵗʰ Cir. 1993). Under 28 U.S.C. § 1915(d), a court may request an attorney to represent an indigent litigant, but has no authority to compel an attorney to do so. *Mallard v. U.S. District Court*, 490 U.S. 296 (1989). The decision to appoint counsel is within the sound discretion of district courts, *Hossman v. Blunk*, 784 F.2d 793, 797 (7ᵗʰ Cir. 1986), and counsel is not generally appointed "unless denial would result in fundamental unfairness, impinging on due process." *LaClair v. United States*, 374 F.2d 486, 489 (7ᵗʰ Cir. 1967). Courts "recruit lawyers for the parties only when the cases are colorable, the facts may be difficult to assemble, and the law is complex.*" DiAngelo v. Illinois Dep't of Public Aid*, 891 F.2d 1260, 1262 (7ᵗʰ Cir. 1989). The court should reserve its power to appoint counsel to those cases

> presenting "exceptional circumstances" as determined by an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.

*Farmer v. Hass*, 990 F.2d at 322 (quotation marks and citations omitted). Thus,

a court may deny counsel in a relatively simple case in which a *pro se* litigant can adequately handle the discovery process and the trial. *Lovelace v. Dall*, 820 F.2d 223 (7th Cir. 1987). Although a good lawyer may do better than the average person, that is not the test. If it was, district courts "would be required to request counsel for every indigent litigant." *Farmer v. Hass*, 990 F.2d at 323.

Mr. Smith's case does not involve "exceptional circumstances" and is not as complicated as he appears to believe. After screening, Mr. Smith has essentially one claim that the defendants denied him medication. Mr. Smith is aware of the facts of his case as they are within his personal experience and to date, he has articulated his claims quite plainly and has diligently proceeded with the case. He alleges that he has limited access to legal materials, but he has already filed an extensive motion for summary judgment, replete with case cites, and a motion for temporary restraining order also containing numerous case cites.

For the foregoing reasons, the court DENIES the plaintiff's motion for appointment of counsel (docket #3).

SO ORDERED.

Dated this 6th  day of November, 2007

 s/Christopher A Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge