UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ERIC D. SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM K. WILSON, *et al.*, )<br>)<br>Defendants. ) | CAUSE NO.: 3:07-CV-338-TS |

**OPINION AND ORDER**

The Plaintiff, a state prisoner, filed a complaint under 42 U.S.C. § 1983 while he was confined at the Westville Correctional Control Unit ("WCU") complaining of many conditions of confinement. The Court screened his complaint pursuant to 28 U.S.C. § 1915(g) and 28 U.S.C. § 1915A, allowed him to proceed on his claim that he is being denied prescribed medication, and dismissed all other claims without prejudice because none of them involved an imminent danger of serious physical injury. The Plaintiff has now filed a motion for a temporary restraining order and preliminary injunction dealing with his medical treatment at the WCU.

In general, the purpose of a temporary restraining order is to preserve the status quo for a brief period, usually not more than ten days, until a hearing can be held on a request for a preliminary injunction. *See* 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2951 (2d ed. 1995). "The essence of a temporary restraining order is its brevity, its ex parte character, and (related to the second element) its informality." *Geneva Assurance Syndicate, Inc. v. Med. Emergency Servs.*, 964 F.2d 599, 600 (7th Cir. 1992). As the Supreme Court made clear in *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 442, 439 (1974),  "[e]x parte temporary restraining orders are no doubt necessary in

certain circumstances . . . but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."

A preliminary injunction is intended to preserve the status quo, but the docket establishes that the Plaintiff has now notified the Court that he has been moved from the WCU to the Indiana State Prison. Accordingly, he is no longer under the custody and control of the Defendants in this case, and he is not entitled to a temporary restraining order or a preliminary injunction dealing with his treatment by the WCU officials. If a prisoner is released or transferred to another prison after he files a complaint, "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (quoting *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988)). The Plaintiff has not made such a showing, and his transfer to the Indiana State Prison renders his requests for a temporary restraining order and preliminary injunction against the WCF Defendants moot. *See O'Shea v. Littleton*, 414 U.S. 488, 495 (1974).

For the foregoing reasons, the Court DENIES the Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (DE 16).

SO ORDERED on December 7, 2007.

                                              s/ Theresa L. Springmann
                                              THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT
                                              FORT WAYNE DIVISION