# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ERIC D. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO. 3:07-CV-338-TS |
| | ) |
| WILLIAM K. WILSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION & ORDER

The Plaintiff, a state prisoner, submitted a complaint under 42 U.S.C. § 1983, while he was confined at the Westville Correctional Control Unit ("WCU"), complaining of many conditions of confinement at the WCU. The Court screened his complaint pursuant to 28 U.S.C. § 1915(g) and 28 U.S.C. § 1915A, allowed him to proceed on his claim that he is being denied medication prescribed for medical problems, and dismissed all other claims without prejudice because none of them involved an imminent danger of serious physical injury. The Plaintiff has now filed a second motion for a preliminary injunction seeking an order that Indiana Department of Correction officials return certain items of personal property to him, allow him to order items from outside vendors, and remove a restitution hold from his account.

A preliminary injunction is designed to preserve the status quo until a final hearing or trial can be held on a request for a permanent injunction. *See* 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2951 (2d ed. 1995); *E.E.O.C. v. City of Janesville,* 630 F.2d 1254, 1259 (7th Cir. 1980) ("The purpose of a preliminary injunction is to preserve the object of controversy in its then existing condition, i.e., to preserve the status quo."). A party seeking a preliminary injunction must, as a threshold matter, demonstrate that success on the merits is likely, that there is no adequate remedy of law, that the

party will suffer irreparable harm if the injunction is not issued, and that the injunction will not harm the public interest. *See Joelner v. Vill. of Washington Park, Ill.*, 378 F.3d 613, 619 (7th Cir. 2004). If the moving party cannot establish either of these prerequisites, a court's inquiry is over and the injunction must be denied. *Id.* "If the movant can meet this threshold burden, then the inquiry becomes a 'sliding scale' analysis where these factors are weighed against one another." *Id.*   A preliminary injunction is intended to preserve the status quo of the subject of the lawsuit. But none of the issues raised by the Plaintiff in his motion for a preliminary injunction are designed to preserve the status quo. Indeed, the issues presented in the motion for a preliminary injunction do not deal at all with the single issue in the complaint on which the Plaintiff was allowed to proceed. Instead, it appears that the Plaintiff is attempting to bring additional claims against the Plaintiff through the backdoor of a request for a preliminary injunction.

For the foregoing reasons, the Court DENIES the Plaintiff's motion for a preliminary injunction (DE 38).

SO ORDERED on January 3, 2008.

                                           s/ Theresa L. Springmann  
                                           THERESA L. SPRINGMANN  
                                           UNITED STATES DISTRICT COURT  
                                           FORT WAYNE DIVISION