# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ERIC D. SMITH, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:07-CV-338-TS |
| | ) | |
| WILLIAM K. WILSON, *et al.*, | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Summary Judgment [DE 46], filed by the Defendants on February 4, 2008. The Defendants also filed a Memorandum in Support and a Declaration of Cindy Estes (with Exhibits). On February 4, 2008, and February 21, 2008, the Plaintiff filed Responses and a Declaration of Eric D. Smith (with Attachments). On February 12, 2008, the Defendants filed a Reply. On November 30, 2007, the Plaintiff filed a Motion for Summary Judgment [DE 29] and Memorandum of Law in Support, which are directed to the merits of his claim. On March 19, 2008, the Court stayed briefing on the Plaintiff's Motion for Summary Judgment until the Court has ruled on the Defendants' Motion for Summary Judgment, which is directed at the exhaustion issue.

Plaintiff Eric Smith, a prisoner currently confined at the New Castle Correctional Facility, submitted a Complaint [DE 1] under 42 U.S.C. § 1983, alleging that three Westville Correctional Facility ("WCF") officials violated his federally protected rights while he was confined there. The Court screened the Complaint pursuant to 28 U.S.C. § 1915A, allowed the Plaintiff to proceed against the Defendants on his claim that he was denied medication prescribed for medical and mental health problems, and dismissed all other claims. The Defendants have filed their Motion for Summary Judgment pursuant to Federal Rule of Civil

Procedure 56 asserting that the Plaintiff did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). The standards governing the Court's consideration of this Motion are well established:

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. *Hughes v. Joliet Correctional Ctr.*, 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. *Celotex Corp.*, 477 U.S. at 324.
> . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

*McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. *Booth v. Churner*, 532 U.S. 731 (2001); *Perez v. Wisc. Dept. of Corrs.*, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (quoting *Porter v. Nussle*, 534 U.S. 516, 122 (2002)). Although not depriving the courts of subject matter jurisdiction, the comprehensive administrative exhaustion requirement requires dismissal of any case in which an available administrative remedy has not

been exhausted. *Massey v. Wheeler*, 221 F.3d 1030 (7th Cir. 2000). Dismissal of a complaint pursuant to 28 U.S.C. § 1997e(a) should be without prejudice. *Perez*, 182 F.3d at 534.

In support of their Motion for Summary Judgment, the Defendants submit the Declaration of Cindy Estes, the WCF Grievance Investigator, and this Declaration establishes that the Indiana Department of Correction ("IDOC") had a grievance procedure in effect while the Plaintiff was housed at the WCF and that the claims he presents in his Complaint were grievable. She also declares that the WCF grievance records show that the Plaintiff did not file any grievances related to treatment for physical and mental health while he was at the WCF in 2007. According to the Estes Declaration, the Plaintiff did file a grievance dealing with denial of "dandruff shampoo, anti-fungal cream, pepto-bismal, and Ibuprofen." (Estes Decl. ¶ 15). The Plaintiff did not, however, present these allegations in his Complaint. Moreover, the Plaintiff submitted this grievance to prison officials on September 6, 2007, after he filed the Complaint in this case. Even if he had presented those claims in this case, this grievance would not assist the Plaintiff in avoiding summary judgment. Section 1997e(a) states that a prisoner may not bring a case pursuant to § 1983 until he has exhausted "such administrative remedies as are available." Because a prisoner must exhaust his administrative remedies before filing a § 1983 action in federal court, a grievance the Plaintiff filed after he filed the Complaint in this case does not help him establish that he exhausted his administrative remedies before filing his Complaint.

Because the Defendants met their initial obligation under Federal Rule of Civil Procedure 56, the burden fell upon the Plaintiff to come forth with sufficient evidence to put in dispute the issue regarding whether he grieved the claims he raises in his Complaint. *Celotex*, 477 U.S. 317. The Plaintiff has responded with a Declaration in which he states that he believes he "filed and exhausted all administrative procedures for each claim against each defendant." (Smith Decl. ¶

3

2). In support of his position, he attaches a letter addressed to him from attorney Kenneth Falk on September 5, 2007, a grievance he filed in September 2007 dealing with a Global Assessment Functioning Score, and a copy of a grievance he filed in April 2007 dealing with being placed in strip cell status and deprived of property. In his letter to the Plaintiff, Mr. Falk refers to grievances the Plaintiff apparently discussed in a letter he wrote to Mr. Falk. This letter does not, however, establish that the Plaintiff actually filed grievances or that any grievances he filed dealt with the subject of his Complaint in this case. The September 2007 grievance was not submitted to prison officials until after he filed the Complaint in this case, and thus even if it did address issues raised in this Complaint, which it does not, it would not help establish that he exhausted his administrative remedies before filing his Complaint. The April 2007 grievance about being placed in strip cell status and deprived of property deals with claims that are not before the Court in this case, so it does not assist the Plaintiff in avoiding summary judgment.

The Plaintiff also submits a classification appeal dated April 2007 and several requests for health care, but these are not grievances within the meaning of § 1997e(a). The Seventh Circuit has indicated: "For a prisoner to exhaust his remedies within the meaning of § 1997e(a), he must 'file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Burrell v. Powers,* 431 F.3d 282, 285 (7th Cir. 2005). Neither the Supreme Court nor the Seventh Circuit has held that actions other than filing a formal grievance can constitute the functional equivalent of filing a grievance. Accordingly, any classification appeals or health care requests the Plaintiff may have submitted outside the grievance procedure do not constitute the functional equivalent of filing a grievance and do not excuse him from following the IDOC's administrative grievance by filing a formal administrative grievance.

The Defendants have made and supported their Motion for Summary Judgment, and none of the Plaintiff's submissions creates a factual issue regarding exhaustion of administrative remedies or supports his contention that he exhausted his administrative remedies on his claim that the Defendants denied him medication prescribed for medical and mental health problems before filing his Complaint in this case. Accordingly, he has not met his burden of coming forward with evidence sufficient to show genuine issue for trial, and the Defendants are entitled to judgment as a matter of law based upon the Plaintiff's failure to exhaust administrative remedies.

For the foregoing reasons, the Court now GRANTS the Defendants' Motion for Summary Judgment [DE 46], DENIES as moot the Plaintiff's Motion for Summary Judgment [DE 29], and DISMISSES this case without prejudice pursuant to 28 U.S.C. § 1997e(a).

SO ORDERED on September 9, 2008.

                                      s/ Theresa L. Springmann
                                      THERESA L. SPRINGMANN
                                      UNITED STATES DISTRICT COURT
                                      FORT WAYNE DIVISION