UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| ERIC D. SMITH, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO. 3:07-CV-338-TS |
|  | ) |  |
| WILLIAM K. WILSON, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion for Relief from Judgment [DE 65], filed on October 6, 2008. On October 20, the Defendants filed a Response in Opposition [DE 66] to the Plaintiff's Motion.

**BACKGROUND**

Plaintiff Eric Smith, a prisoner currently confined at the New Castle Correctional Facility who is proceeding *pro se*, submitted a Complaint [DE 1] under 42 U.S.C. § 1983, alleging that three Westville Correctional Facility ("WCF") officials violated his federally protected rights while he was confined there. The Court screened the Complaint pursuant to 28 U.S.C. § 1915A, allowed the Plaintiff to proceed against the Defendants on his claim that he was denied medication prescribed for medical and mental health problems, and dismissed all other claims. The Defendants filed a Motion for Summary Judgment [DE 46] pursuant to Federal Rule of Civil Procedure 56, asserting that the Plaintiff did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a), and the Court granted that Motion on September 9, 2008.

Citing Federal Rules of Civil Procedure 60(b)(3) and 59(e), the Plaintiff has now filed a Motion for Relief from Judgment [DE 65], asking the Court to vacate its September 9, 2008, Opinion and Order granting summary judgment in favor of the Defendants. In his Motion, the Plaintiff argues that the Defendants committed misconduct by omitting grievances that he filed and that the Court made an error of law in granting the Defendants' Motion for Summary Judgment. The Defendants have filed a Response [DE 66], opposing the Plaintiff's Motion.

## ANALYSIS

From the Plaintiff's Motion, it appears that the Plaintiff seeks both an alteration or amendment of judgment under Rule 59(e) (for a purported error of law) and relief from judgment under Rule 60(b) (for alleged misconduct by the Defendants). Rule 59(e) requires that a motion to alter or amend judgment "be filed no later than 10 days after the entry of judgment," and Rule 60(c)(1) requires that a Rule 60(b)(3) motion be made within a reasonable time but no more than one year after the entry of the judgment or order. In this case, judgment was entered on September 9, 2008, and an amended judgment was entered September 12. Even though the Plaintiff's Motion was not received by the Clerk's Office until October 6, 2008, the Plaintiff states in his Certificate of Service that he mailed his Motion on September 19, 2008. Under the prisoner "mailbox" rule, a *pro se* prisoner's submissions are deemed filed on the date he delivers them to prison authorities for forwarding to the district court. *See Houston v. Lack*, 487 U.S. 266 (1988) (establishing a *pro se* prisoner "mailbox" rule that a *pro se* complaint filed by a prison is deemed filed when it is given to prison officials for delivery). Thus, the Plaintiff's Motion satisfies the time requirements of both Rule 59(e) and Rule 60(b)(3).

The Seventh Circuit has instructed that whether a motion filed within ten days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it. *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). Looking to the substance of the Plaintiff's Motion (and not its label), it appears that the Plaintiff seeks relief on two different grounds: for a purported error of law, and for alleged misconduct by the Defendants.

Rule 59(e) permits "a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence," but Rule 59(e) does not permit the presentation of new "evidence that could have been presented before judgment was entered." *Obriecht*, 517 F.3d at 494. Rule 60(b)(3) permits a court, on motion and just terms, to "relieve a party . . . from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." For a party to obtain relief under Rule 60(b)(3), the movant must prove the following: (1) that the party maintained a meritorious claim; and (2) that (a) because of the misconduct of the adverse party, (b) the party was prevented from fully and fairly presenting its case. *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995). The Seventh Circuit has provided the following summary of differences in the application of Rule 59(e) and Rule (60(b):

> Altering or amending judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. Vacating a judgment under Rule 60(b) is permissible for a variety of reasons, including mistake, excusable neglect, newly discovered evidence and fraud. While the two rules have similarities, "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Rule 59(e), by contrast, requires that the movant "clearly establish" one of the aforementioned grounds for relief.

*Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citations omitted).

## A. The Purported Error of Law

The Plaintiff argues that the Court "made an error of law granting summary judgment, as it decided the facts concerning exhausting remedies, and by finding Smith didn't exhaust his remedies." (Pl.'s Mot. for Relief 3, DE 65.) He states that his declaration was sufficient to create a factual dispute as to whether he exhausted his administrative remedies. (Pl.'s Mot. for Relief 3–4, DE 65.) Generally speaking, a genuine issue of material fact precludes summary judgment and requires a trial on the merits. However, in prisoner cases in which exhaustion has been raised as a defense, issues relating to exhaustion are to resolved by the court before allowing the case to proceed to a trial on the merits. *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008). In its review of the Defendants' Motion for Summary Judgment and the Plaintiff's Response, the Court determined that the Plaintiff did not present sufficient evidence to create a disputed issue of material fact as to exhaustion of administrative remedies.

The Plaintiff stated in his Declaration he "knows" he exhausted his administrative remedies as to each of the numerous claims presented in his seventeen-page Complaint. But the documents he submitted did not support his claim, and the documents and other materials submitted by the Defendants do not support an inference favorable to the Plaintiff that he exhausted his state remedies. Moreover, nothing in his Motion for Relief from Judgment suggests a different result.

In support of their Motion for Summary Judgment, the Defendants submitted the Declaration of WCF Grievance Investigator Cindy Estes, which established that the Indiana Department of Correction ("IDOC") had a grievance procedure in effect while the Plaintiff was housed at the Westville Correctional Facility, and that the claims he presents in his Complaint

were grievable. She also stated in her Declaration that the WCF grievance records show that the Plaintiff did not file any grievances while he was at the WCF in 2007 dealing with treatment for physical and mental health or denial of medication. There are several documents attached to the Estes Declaration, none of which suggest that the Plaintiff filed a grievance raising the issues he has presented in his Complaint.

      The Plaintiff responded with a Declaration containing his statement that he "knows" he "filed and exhausted all administrative procedures for each claim against each defendant." (Smith Decl. ¶ 2.) The Plaintiff also submitted several documents in support of this contention. As explained in the Court's September 9, 2008, Opinion and Order, however, none of these documents support the proposition that the Plaintiff exhausted his administrative remedies on the claim that the Defendants denied him medication. The Plaintiff submitted a letter addressed to him from attorney Kenneth Falk on September 5, 2007, a grievance he filed in September 2007 dealing with a Global Assessment Functioning Score, and a copy of a grievance he filed in April 2007 dealing with being placed in strip cell status and deprived of property. In his letter to the Plaintiff, Mr. Falk refers to grievances about which the Plaintiff apparently wrote to him. But this letter does not establish that the Plaintiff actually filed grievances or that any grievances he filed dealt with the subject of his Complaint in this case. The grievance the Plaintiff wrote in September 2007 was not submitted to prison officials until after he filed the Complaint in this case so even if it dealt with the issues raised in this Complaint, which it does not, it would not help establish that he exhausted his administrative remedies before filing his Complaint. The grievance the Plaintiff wrote in April 2007 about being placed in strip cell status and deprived of

property deals with claims that are not before the Court in this case, so it does not assist the Plaintiff in avoiding summary judgment.

The Plaintiff also submitted a classification appeal dated April 2007 and several requests for health care, but these are not grievances within the meaning of 42 U.S.C. § 1997e(a). As the Seventh Circuit has rules, "[f]or a prisoner to exhaust his remedies within the meaning of § 1997e(a), he must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Burrell v. Powers,* 431 F.3d 282, 285 (7th Cir. 2005) (affirming the dismissal of a prisoner's complaint because the prisoner did not complete the grievance appeals process before filing his complaint) (internal quotation marks and citations omitted). Neither the Supreme Court nor the Seventh Circuit has held that actions other than filing a formal grievance can constitute the functional equivalent of filing a grievance. Accordingly, any classification appeals or health care requests the Plaintiff may have submitted outside of the grievance procedure do not constitute the functional equivalent of filing a grievance and do not excuse him from following the IDOC's administrative grievance procedure by filing a formal administrative grievance.

None of the Plaintiff's submissions support his claim in his Declaration that he exhausted his administrative remedies on the sole remaining claim before the Court—that the Defendants denied him medication prescribed for medical and mental health problems. If this were simply a contest between sworn statements, the Plaintiff's claim in his Declaration that he "knows" he filed grievances as to all of the numerous issues presented in his Complaint would probably trump an opposing declaration that simply claimed he did not. However, exhaustion of administrative remedies, by its nature, is conducive to proof by documentation. Here, both

6

parties submitted documentary evidence, none of which supports the Plaintiff's claim that he filed a grievance as to the single issue remaining before the Court. Accordingly, the Plaintiff has not met his burden of coming forward with evidence that is sufficient to allow a fact-finder, if viewing the evidence in his favor, to decide the question of exhaustion of administrative remedies in his favor.

For these reasons, the Court finds that the Plaintiff has failed to clearly establish a manifest error of law, and thus his Motion (inasmuch as it seeks relief under Rule 59(e)) will be denied.

### B. The Alleged Misconduct by the Defendants

The Plaintiff has alleged that the Defendants engaged in misconduct that prevented him from presenting evidence that would have supported his contention that he exhausted his administrative remedies. As noted above, in order to sustain his claim of misconduct by the Defendants, the Plaintiff must prove (1) that he maintained a meritorious claim; and (2) that (a) because of the Defendants' misconduct, (b) the Plaintiff was prevented from fully and fairly presenting his case. *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995).

In his Motion, the Plaintiff accuses the Defendants of committing:

> misconduct by omitting Smith's filed grievances that supported his claims for relief in their evidence that Smith did not exhaust his remedies and by denying Smith copies of his exhausted grievances so he could show them to this court. . . .
>     Defendants' grievance procedures w[ere] suppose[d] to give Smith copies, but they didn't. They only gave him a receipt of exhausting and filing his last step to the grievance process on Smith's claims, which was provided by Smith in his February 21, 2008 response (see: Smith's Declaration, p.2; Attachment No. 2 p .1) (grievance receipt identifying case No. 29256 as exhausting his final step in the remedy process on or around April 3, 2007—three months before the lawsuit was filed!).

7

(Pl.'s Mot. for Relief 1–2, DE 65).

The document the Plaintiff refers to in the above paragraph, Attachment No. 2, page 1, is a document entitled "Receipt - Administrative Remedy" that is dated April 3, 2007, and is addressed to Eric Smith from Cheryl York, stating:

> THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST IDENTIFIED BELOW:
>
> Case ID:      29256                              Level II - Formal Appeal
>
> Date Received:
>
> Response Due:
>
> Subject:      Classification Matters - Other Classification Matters

(Attach. 2 at 1, DE 53-3.)

This Attachment, however, neither assists the Plaintiff nor suggests that the Defendants denied him access to documents that would assist him in avoiding summary judgment. This document deals with "classification matters," which are non-grievable and are dealt with in a classification appeal. A grievance asserting that officials were denying a prisoner medication would not be a "classification matter," although some of the other issues the Plaintiff presented in his seventeen-page Complaint were arguably classification matters. Even if the Plaintiff is correct in stating that the Defendants denied him access to the underlying documents for this classification appeal, those documents would not establish that he had a meritorious claim and would not have helped him avoid summary judgment by establishing that he had grieved his claim that the Defendants denied him medication prescribed for medical and mental health problems before he filed his Complaint.

For these reasons, the Court finds that the Plaintiff has failed to demonstrate that he maintained a meritorious claim and that the Defendants' alleged misconduct prevented him from fully and fairly presenting his case, and thus his Motion (inasmuch as it seeks relief under Rule 60(b)(3)) will be denied.

**CONCLUSION**

For the foregoing reasons, the Court DENIES the Plaintiff's Motion for Relief from Judgment [DE 65].

SO ORDERED on February 13, 2009.

S/ Theresa L. Springmann
THERESA L. SPRINGMANN, JUDGE
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION